UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOEL DUDLEY,<br><br>      Plaintiff<br><br>v.<br><br>CHRISTINE FOSTER, *et al.*,<br><br>      Defendants | 2:14-CV-00291-JDL |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

Plaintiff Joel Dudley, an inmate at the Cumberland County Jail, commenced this action against two defendants, one of whom is a judge of the Maine District Court, and the other, Plaintiff asserts, is a Maine Department of Health and Human Services employee. Plaintiff alleges (1) that the judge issued an unconstitutional jeopardy finding against Plaintiff in a child protective case involving Plaintiff's daughter, and (2) that the Department employee inappropriately redacts Plaintiff's letters to his daughter. (Complaint, ECF No. 3; Letter, ECF No. 1-2.) Plaintiff contends that the defendants are biased against men, and he claims that his civil rights and constitutional rights have been violated. (Complaint at 4-5.) Plaintiff has requested leave to proceed *in forma pauperis*.

Plaintiff's complaint is subject to screening pursuant to sections 1915(e) and 1915A of Title 28. As the result of the screening process, the recommendation is that the Court dismiss the action with prejudice based on the facts as alleged, and deny as moot the motion for leave to proceed *in forma pauperis*.

1

## DISCUSSION

1. **Legal Standard**

Federal law imposes on district courts the duty to review at the earliest opportunity any civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] In its review, the court is to "identify cognizable claims" and otherwise "dismiss the complaint, or any portion of the complaint," to the extent that it "fails to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915A(b)(1).[2] Similarly, Congress has directed that the district courts "shall" dismiss "at any time" cases or claims proceeding *in forma pauperis*, if the court determines that the action "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2. **Application of Screening Standards to Plaintiff's Complaint**

Plaintiff's allegations reflect that he is attempting to assert a claim for relief against a judge and a Department employee for their actions in connection with the child protective case involving Plaintiff's daughter. Although Plaintiff does not cite 42 U.S.C. § 1983 as the basis of his claim, insofar as Plaintiff seeks to recover for an alleged violation of his constitutional rights, Plaintiff's claim is necessarily a section 1983 action.[3] Section 1983 "'is not itself a source of substantive

---

[1] Title 28 U.S.C. §1915A(c) defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

[2] The other grounds for dismissal of an action under 28 U.S.C. § 1915A(b)(1), namely, that a complaint is frivolous or malicious, do not appear to apply to Plaintiff's complaint. *See infra* (discussion of allegations).

[3] 42 U.S.C. § 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against

rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Plaintiff essentially alleges that the defendants violated his Fourteenth Amendment substantive and procedural due process parental rights while acting under color of state law. *See Malenko v. Anderson*, 2012 WL 1893498, at *4, 2012 U.S. Dist. Lexis 71688, at *12 (D. Me. May 23, 2012).

To the extent that Plaintiff's claim constitutes a challenge to the judge's state court judgment, Plaintiff's complaint is precluded under the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *Walczak v. Massachusetts State Retirement Bd.*, 141 F.3d 1150 (1st Cir. 1998) (unpublished) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)).

In the event Plaintiff seeks other relief against the Defendant judge, Plaintiff fails to state a claim because the judge has absolute immunity from suit. "Judges have absolute immunity not because of their particular location within the Government but because of the special nature of

---

a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

"In our federal system of government, state as well as federal courts have jurisdiction over suits brought pursuant to 42 U.S.C. § 1983, the statute that creates a remedy for violations of federal rights committed by persons acting under color of state law." *Haywood v. Drown*, 556 U.S. 729, 731 (2009). To maintain a claim under section 1983, a plaintiff must establish two things: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

3

their responsibilities." *Butz v. Economou*, 438 U.S. 478, 511 (1978). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Rather, the immunity can only be overcome in two instances. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Id.* at 11-12 (citations omitted). Here, Plaintiff does not allege that the judge committed any act outside her official capacity and there is nothing in the complaint that suggests that the state court lacked jurisdiction. In addition, section 1983 precludes injunctive relief against a judicial officer "unless a declaratory decree was violated or declaratory relief was unavailable." In this case, there are no allegations that either a declaratory decree was violated or declaratory relief was unavailable. *See Peters v. Noonan*, 871 F. Supp. 2d 218, 226-27 (W.D.N.Y. 2012) (noting that the judge named as a defendant in that action was sued in his official capacity and there were no allegations that a declaratory decree was violated or that declaratory relief was unavailable). Given that the judge is immune from suit, and given that Plaintiff has alleged no facts that would support a finding that the immunity is not applicable to the facts alleged in this case, Plaintiff has failed to state a claim upon which he can recover against the Defendant judge.

Through his claim against the Department employee, Plaintiff asks the Court to intervene in a state court matter. The *Younger* abstention doctrine precludes the relief that Plaintiff requests. *See Sprint Communications, Inc. v. Jacobs*, --- U.S. ---, ---, 134 S. Ct. 584, 588-91 (2013); *Younger v. Harris*, 401 U.S. 37, 41, 54 (1971). In *Sprint Communications*, the Supreme Court held that *Younger* bars federal relief in three circumstances involving state criminal or civil cases: (1) ongoing state criminal prosecutions; (2) certain "'civil enforcement proceedings'" that warrant

abstention; and (3) "pending 'civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Sprint Communications*, 134 S. Ct. at 591 (quoting *New Orleans Public Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)). As explained above, the gravamen of Plaintiff's claim against the Department employee is that in the context of a child protection proceeding, the employee is redacting Plaintiff's letters to his daughter. The Supreme Court has held that the *Younger* abstention doctrine applies to state child custody actions. *Moore v. Sims*, 442 U.S. 415, 418, 429-30 (1979); *Malachowski v. City of Keene*, 787 F.2d 704, 708 (1986).[4]

Even if the Court were not required to abstain from deciding the claim against the Department employee, Plaintiff's claim, as asserted, fails to state a claim upon which relief can be granted. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The pleadings of *pro se* litigants are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

First, section 1983 does not provide relief when the state intervention involves something short of a termination of parental rights. "[P]ersons faced with forced dissolution of their parental rights have a more critical need for procedural protections than do those resisting state intervention

---

[4] Although there are some narrow exceptions to the *Younger* abstention doctrine, a review of Plaintiff's complaint reveals that none is applicable here. *Malachowski v. City of Keene*, 787 F.2d 704, 709 (1st Cir. 1986) (recognizing three exceptions: (1) "where a plaintiff can show there is no opportunity to raise the federal issues in a state court;" (2) where the plaintiff alleges that a statute is "flagrantly unconstitutional on its face;" or (3) bad faith in pursuing a criminal prosecution). *See also See Kugler v. Helfant,* 421 U.S. 117, 126 n.6 (1975) (holding that bad faith "in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction," and rejecting a claim of judicial bias); *United Books, Inc. v. Conte*, 739 F.2d 30, 33-34 (1st Cir. 1984) (same).

into ongoing family affairs." *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). Here, Plaintiff does not allege that his parental rights were terminated.

In addition, the redaction by a Department employee of a letter from an inmate to his child does not appear to constitute actionable conduct for purposes of section 1983 claim. While the First Circuit has not directly addressed the issue, the Ninth Circuit has held that "a relatively minor infringement on [a] liberty interest in visitation will not give rise to a Section 1983 substantive due process claim." *Brittain v. Hansen*, 451 F.3d 982, 992-93 (9th Cir. 2006) (collecting cases). Because a written communication between a parent and a child represents a similar liberty interest, the Ninth Circuit's reasoning is instructive. In this case, the letter included with Plaintiff's complaint is at most "a relatively minor infringement" on Plaintiff's parental liberty interest. *Id*. As alleged, therefore, the actions of the Department employee do not appear to be cognizable under section 1983.

## CONCLUSION

Based on the foregoing analysis, because Plaintiff requests that the Court review a judicial decision in and the conduct of an employee of a party to an ongoing state court matter, Plaintiff has failed to state a claim upon which this Court can grant relief. Accordingly, the recommendation is that the Court dismiss Plaintiff's complaint. If the Court adopts the recommendation, Plaintiff's motion for leave to proceed *in forma pauperis* would be moot.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison<br>U.S. Magistrate Judge

Dated this 28th day of July, 2014